**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RUOCCO *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 14-030 (MAS)(TJB) |
| STANDARD FIRE INSURANCE CO., | : **MEMORANDUM ORDER** |
| Defendant. | : |

**SHIPP, District Judge**

  Presently before the Court is Defendant Standard Fire Insurance Company's ("Defendant" or "Standard Fire") Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 15.) Plaintiffs Donald and Annette Ruocco ("Plaintiffs") filed opposition to the motion (ECF No. 16), and Defendant replied (ECF No. 17). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

  Plaintiffs brought this action seeking damages for breach of the flood insurance policy issued to them by Defendant pursuant to the National Flood Insurance Program ("NFIP"). Defendant seeks summary judgment dismissing Plaintiffs' claim arguing that Plaintiffs cannot recover under their Standard Flood Insurance Policy ("SFIP") issued by Defendants because the subject property does not meet the definition of an insurable building.

  Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A district court considers the facts drawn from the "materials in the record, including depositions, documents, electronically stored information, affidavits . . . or other materials" and must draw inferences "from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotation omitted). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).

Here, the SFIP defines "building" as:

a. A structure with two or more outside rigid walls and a fully secured roof, that is affixed to a permanent site;

b. A manufactured home (a "manufactured home," is also known as a *mobile home*, is a structure: built on a permanent chassis, transported to its site in one or more sections, and affixed to a permanent foundation); or

c. A *travel trailer* without wheels, built on a chassis and affixed to a permanent foundation, that is regulated under the community's floodplain management and building ordinances or laws.

Building does not mean a gas or liquid storage tank or a recreational vehicle, park trailer or other similar vehicle, except as described in B.6.c. above.

44 C.F.R. ¶ Pt. 61, App. A(1) (emphasis added). Defendant asserts that the subject property was a "trailer" with wheels and, thus, not a building as defined by the SFIP. Plaintiffs assert that the subject property is a mobile home and, thus, an insurable building.

Here, the record indicates that the subject property "was placed on block supports, anchored, and its wheels were raised up to 6-12 [inches] off of the ground so that no weight was supported by the wheels or anchors." (Mathis Cert., Ex. K, ECF No. 16-1.) Furthermore, the subject property has electricity, natural gas, running water, cable, and even "a regular toilet (connected to [the] city sewer system)." (Mathis Cert., Exs. K, N.) Moreover, Plaintiffs assert

that they obtained title to the subject property through the New Jersey Motor Vehicle Commission. (Mathis Cert., Ex. B.)

After reviewing the parties' submissions and construing the evidence in light most favorable to Plaintiffs, the Court concludes that the specific alleged facts present genuine disputes of material fact as to whether the subject property is a "building" as defined under the SFIP. Accordingly, summary judgment is denied.

For the reasons set forth above, and other good cause shown,

**IT IS**, on this 3rd day of December, 2014, **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**